TATE, Judge.
A tractor owned by Floyd O. Crawford was burned while in the possession of the *675 Hendry Corporation. Crawford’s fire insurer, as subrogee, sues Hendry in tort to recover the damages caused by the fire. The trial court held that the tractor loss resulted from the negligence of Hendry’s employee who was operating the tractor at the time. Hendry appeals from judgment assessing it with damages of fifteen thousand dollars.[1]
Upon appeal, Hendry’s principal contentions are: (1) Daniel, the negligent operator, was an employee of Crawford, the plaintiff’s insured, and not of Hendry — so that the plaintiff, standing in the shoes of Crawford, its subrogor, cannot recover damages caused by its own employee’s negligence ; and (2) the evidence does not preponderantly prove the tractor fire to have resulted from Daniel’s negligence.
The issues of the lengthy trial are largely factual. The District Court in its comprehensive opinion analyzed the evidence with care and, in our opinion, correctly held against the defendant Hendry on both of these principal factual issues. Succinctly, and without repeating the trial court’s detailed analysis, we conclude that the preponderance of the evidence shows that:
(1) Daniel was employed by Hen-dry’s superintendent to operate the tractor obtained from Crawford. He was paid by Hendry and performed the clearing operations at Hendry’s superintendent’s direction and under his control. He was not an employee of Crawford, and Crawford cannot be held responsible for the negligence of this operator.
No legal authority is cited to justify holding Crawford, the plaintiff’s insured, responsible for Daniel’s negligence simply because Crawford had contacted him for Hendry, at the latter’s request, when Hen-dry was in need of an operator for the tractor. Likewise, we are unable to hold that the trial court committed factual error in rejecting Hendry’s skillful argument that Daniel’s role while operating the tractor was really one in Crawford’s interest, on the theory that Daniel was Crawford’s operating agent sent to assure Hen-dry’s purchase of the tractor from Crawford by its satisfactory performance while on loan or hire to Hendry.
(Consolidated with the trial of this suit was one by Crawford against Hendry seeking compensation for the use of his tractor. A substantial issue of this related litigation, which is not before us on appeal, was whether the tractor had been rented by Crawford to Hendry at $2,500 per month, or whether it was on trial to be rented for such amount if satisfactory in operation. In either event, Hendry is liable for any damage caused through the negligence of its employees to the tractor, which was furnished for Hendry’s use and benefit and was actually so utilized by Hendry in its clearing operations.)
(2) Daniel’s negligent operation of the tractor was the cause of the fire. He knew of a probable leak, because of air in the fuel system, but he nevertheless continued to operate the tractor motor at high temperatures.
Further, in his attempts to continue the operations, he bled the fuel system three times, causing approximately a gallon of diesel fluid to leak from the tractor, some of it into the belly pan under the engine. He did not clean this belly pan of flammable trash. The industry witnesses testified that, under these circumstances, Daniel’s continued operation of the tractor in clearing operations created an immediate and foreseeable danger of disastrous fire, because of the high possibility that flying *676 pine needles, chips, or other clearing debris would he ignited by the heated engine parts and fall into the highly inflammable fuel and débris in the belly pan.
The preponderance of the evidence shows that, in fact, this was the origin of the fire which destroyed much of the tractor. When the flames of the belly pan burned through the adjacent fuel lines, these fed fuel into the fire, which became unmanageable and burned for some twenty hours.
The appellant raises a third and final suggestion of error. Upon a simple showing that Daniel was on Hendry’s payroll at the time of the fire, and over the objection of Hendry, the trial court permitted the opposing party (the plaintiff) to call Daniel under cross-examination as an employee of Hendry at the time of the matter in controversy, LSA-C.C.P. Art. 1634. Hendry contends that the trial court abused its discretion in so doing, since the pleadings showed that ' Hendry’s principal defense was a denial of this employment relationship between it and Daniel.
In our opinion, the trial court correctly permitted this witness to be called under cross-examination. The trial court must have the discretion to do so, upon a prima facie showing of the employment relationship, with any error in this regard (if prejudicial) being reviewable on appeal. We are unable to agree that a party may prevent an opponent from calling an employee under cross-examination simply by making allegations that no employment relationship existed.

Decree

Finding no error in the trial court’s resolution of the factual and legal issues of this litigation, we affirm its judgment. The defendant-appellant is to pay the costs of this appeal.
Affirmed.

. Also made co-defendant was the Trippeer Organization, Inc., a tractor-repair service, upon the theory that its failure to perform earlier repairs properly contributed to the accident. The trial court rejected this claim and dismissed the plaintiff’s demand against this defendant. Neither the plaintiff Travelers nor the defendant Hendry complain of this action as incorrect under the evidence. No appeal was taken from the dismissal of the claim against Trippeer.