CARTER, Judge:
This is a suit for breach of lease. Plaintiff herein appeals from a trial court judgment granting defendant’s motion for dismissal [1] and denying plaintiff’s motion for a new trial.
Plaintiff, Lanier Business Products, Inc. (Lanier), negotiated the lease of certain word processing equipment to defendant, Alpha of Louisiana, Inc., d/b/a Ault Clinic (Alpha). On April 15, 1981, Alpha, through its president, Dr. Ault, signed a standard lease agreement supplied by Lanier; however, the lease agreement was never signed by Lanier. Lanier Financial Services, Inc. (Finance), a subsidiary of Lanier, provided the financing for the lease agreement by purchasing the account receivable from La-nier.
The equipment was subsequently delivered to Alpha. However, by letter dated August 24, 1981, (some five weeks after date of delivery) Dr. Ault notified Finance that he wanted the equipment to be picked up as it was not “what he wanted in our office.” To date, Alpha has made only the initial payment of $508.33 and Lanier has not picked up the equipment.
Lanier subsequently filed suit against Alpha alleging breach of the lease agreement and seeking acceleration of all payments due thereunder.
A trial was held on November 4, 1982, and at the close of plaintiff’s case, the defendant moved for dismissal. Defendant argued that Lanier had never accepted the lease, and thus there was no contract to sue upon, and secondly, that Finance and not Lanier owned the equipment, therefore, Lanier was not the proper party plaintiff. The trial court granted the dismissal, ruling that Lanier was not the proper party plaintiff.
On appeal, plaintiff contends that the trial court erred in granting defendant’s motion for dismissal and in denying plaintiff’s motion for a new trial.
In ruling on defendant’s motion for dismissal, the trial court stated that Finance, rather than Lanier, was the proper party plaintiff. In reaching its decision, the trial court apparently relied on the testimony of Mr. Grand, regional manager for Lanier. Mr. Grand testified that according to the agreement between Lanier and Finance once equipment was leased to the customer, Lanier would sell the equipment to Finance. Finance would then become the lessor of the equipment and collect the monthly rental.
However, an examination of the record convinces us that the testimony of Mr. Grand was erroneous and the trial judge erred in granting the dismissal based on Mr. Grand’s testimony.
The “Operating Agreement” in effect between Lanier and Finance contains the following pertinent provisions:
(1) From Article I, “Definitions”:
“(6) ‘Lease’: Any agreement between Lanier and its Customers whereby Lanier rents or leases Equipment to Customers. Notwithstanding anything to the contrary contained herein, any reference to the purchase of a Lease shall refer to the purchase only of the right to receive all payments due under such Lease and the right to demand, obtain and receive the benefit of all other performance from *191 the Lessee ancillary to such payments. Lanier shall remain the owner of the Equipment covered by such Lease, subject to a security interest in favor of Finance and shall remain obligated to perform all obligations of the Lessor thereunder.”
(2) From Article II, “Purchase and Sale of Receivables Documentation and Administrative Procedures”:
“(4) Collections: Finance shall be responsible for collecting all of its Receivables at its own expense subject only to the provisions of Article VI hereinbelow. Lanier shall promptly endorse and forward to Finance, in the form received, all remittances which Lanier receives from Customers.”
(3) From Article VI, “Default by Customer”:
“Upon any Receivable becoming 120 days past due or otherwise being reasonably declared uncollectable by Finance, such Receivable shall be deemed in default (‘Default’). Upon the Default of any Receivable, Lanier shall repurchase the Receivable from Finance for an amount determined as provided in Paragraph (1) of Article IV. Finance shall reassign to Lanier any right, title and interest it may have to the Equipment and the Receivable(s).
From the above quoted provisions, it is clear that Mr. Grand’s testimony concerning the arrangement between Lanier and Finance was incorrect. According to the “Operating Agreement”, Finance purchases the account receivable from Lanier and collects the monthly lease payment. In instances where the customer defaults, La-nier is obligated to repurchase the account receivable from Finance. Lanier retains title to the leased property at all times.
In the instant case, at the time suit was filed on November 17, 1981, the account receivable was owned by Finance. However, the record contains a copy of a letter dated March 25, 1982, in which Finance requested a credit memo from Lanier for the amount of the lease. By taking this action, Finance complied with the “Operating Agreement” quoted from above and upon default of Alpha, transferred the account receivable to Lanier. Therefore, La-nier is the proper party plaintiff.
Plaintiff also assigns as error the judgment of the trial court denying his motion for a new trial. Plaintiff argues that the motion should have been granted in order to allow him an opportunity to present additional evidence in support of his contention that Lanier was the proper party plaintiff. Since we have determined from the evidence in the record that Lanier is the proper party plaintiff, the appeal on this issue is moot.
Accordingly, we reverse the ruling of the trial court dismissing plaintiff’s suit and remand the case in order to afford the trial court the opportunity to rule on the remaining ground for dismissal, viz., whether there was a valid acceptance of the contract.
Costs on appeal are to be paid by defendant-appellee.
REVERSED AND REMANDED.

. Although defendant moved for a directed verdict, said motion is more properly made in jury cases. This was apparently recognized by the trial judge who granted a judgment of dismissal. LSA-C.C.P. art. 1810.