JOHN S. COVINGTON, Judge.
In this suit for breach of lease, plaintiff appeals a judgment in defendant’s favor, dismissing plaintiff’s suit.
The issues on appeal are whether the trial court erred in: (1) finding that plaintiff did not timely accept defendant’s offer to lease; and (2) failing to allow plaintiff to cross-examine as a hostile witness one of its former salesmen.
We affirm.
Plaintiff, Lanier Business Products, Inc. (Lanier), negotiated through one of its salesmen the lease of certain word processing equipment to defendant Alpha of Louisiana, Inc., d/b/a Ault Clinic (Alpha). On April 15, 1981, Alpha, through its president, Dr. Robert Ault, signed a lease agreement supplied by Lanier and provided a check for one month’s rental in the amount of $508.00. Lanier did not immediately sign the contract; it was forwarded to La-nier’s home office in Atlanta for approval. However, the equipment was delivered to Alpha on April 16, 1981. Originally, the lease was to be financed through a company called U.S. Leasing; however, U.S. Leasing would not finance the deal unless Dr. Ault signed the contract in his individual capacity, which he refused to do. At the end of June, Lanier arranged for the fi *1035 nancing to be provided by a subsidiary company, Lanier Financial Services, Inc. (Financial). By letter dated August 24, 1981, Dr. Ault notified Financial that he wanted the equipment removed from his office. This was not done, and Dr. Ault made no more payments on the lease. Subsequently, Lanier filed suit against Alpha, alleging breach of the lease and seeking acceleration of all payments due thereunder. Trial on the merits was held November 4, 1982, and at the close of plaintiffs ease, defendant moved for dismissal, arguing that Lanier had never accepted the offer to lease and thus there was no contract to sue upon, and in the alternative, that Lanier was not the proper party plaintiff. The trial court granted the motion for dismissal on the ground that Lanier was not the proper party plaintiff. Lanier appealed.
On review, this court reversed the trial court ruling, holding that Lanier was the proper party plaintiff, and remanded the case for the trial court to rule on the remaining ground for dismissal, i.e., whether there was a valid acceptance of the lease agreement. Lanier Business Products, Inc. v. Alpha of Louisiana, Inc., 448 So.2d 189 (La.App. 1st Cir.1984). On remand, the trial court rendered judgment in Alpha’s favor, finding that defendant had withdrawn its offer to lease prior to Lanier’s acceptance. It is from this judgment on remand that Lanier appeals.
In Lanier’s first assignment of error, it contends that the trial court erred in concluding that Alpha withdrew its offer to lease prior to Lanier’s acceptance of the offer.
In pertinent part, the lease agreement signed by Alpha provides as follows:
2. LANIER’S ACCEPTANCE. This lease is subject to approval by Lanier’s home office and shall become effective only upon written communication of acceptance from Lanier to customer [Alpha]. Any funds deposited by customer shall be refunded in the event this lease is not accepted by Lanier.
6. TERM. The term of this Lease commences as of the date of Lanier’s signature on the related Notice of Acceptance and ends upon the expiration of the number of months stated as the inital term after the Rent Commencement Date...;
22. MISCELLANEOUS. This instrument constitutes the entire agreement between Lanier and Customer, and it shall not be amended, altered or changed except by a written agreement signed by the parties...
LSA-C.C. arts. 1800 and 1809 provided[1]: The contract, consisting of a proposition and the consent to it, the agreement is incomplete until the acceptance of the person to whom it is proposed. If he, who proposes, should before that consent is given, change his intention on the subject, the concurrence of the two wills is wanting, and there is no contract.
The obligation of a contract not being complete, until the acceptance, or in cases where it is implied by law, until the circumstances, which raise such implication, are known to the party proposing; he may therefore revoke his offer or proposition before such acceptence, but not without allowing such reasonable time as from the terms of his offer he has given, or from the circumstances of the case he may be supposed to have intended to give to the party, to communicate his determination.
The lease agreement signed by Alpha did not specify a time within which Lanier had to accept Alpha’s offer, nor is there any indication that Alpha did not intend to make its offer irrevocable for a reasonable time within which Lanier could indicate its acceptance. The trial court concluded that Alpha withdrew its offer prior to April 19, 1981, and that a reasonable time had been allowed Lanier to indicate its acceptance by that date. The trial court further found that Lanier did not accept Alpha’s offer until the end of June when it finally suc *1036 ceeded in obtaining financing for Alpha with Financial and assigning to Financial Alpha’s account receivable, and that this acceptance was untimely.
Lanier argues that the trial court erred in concluding that Alpha withdrew its offer on April 19,1981; in the alternative, Lanier argues that it was error to conclude that Lanier was allowed a reasonable time within which to accept the offer, given the circumstances which required Lanier to obtain financing for Alpha.
After reviewing the entire record, we find no manifest error in the trial court’s factual conclusion that Alpha withdrew its offer on April 19, 1981. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We do find error in the trial court’s conclusion that four days was a reasonable time within which to expect Lanier to either accept or reject Alpha’s offer, given the factual circumstances that the offer had to be forwarded from Baton Rouge to Lanier’s home office in Atlanta, where it had to be reviewed and financing arranged prior to acceptance. However, our finding error in this conclusion does not preclude our agreement with the trial court's ultimate conclusion, i.e., that Lanier’s acceptance was indeed untimely, for we find that two and a half months is well beyond what is reasonable under these circumstances. Accordingly, this assignment of error has no merit.
Lanier’s second assignment of error deals with its contention that the trial court erred in requiring it to call one of its former employees on direct examination, rather than allowing it to cross-examine him as a hostile witness.
The record reveals that Alpha was allowed by the trial court to call on cross examination the Lanier salesman who initially negotiated the lease agreement with Alpha. At the time of trial, this salesman was no longer employed by Lanier, and it was revealed that he and Lanier had recently been embroiled in litigation stemming from his employment with the company-
LSA-C.C.P. art. 1634 provides:
Any party or his representative may be called as a witness and cross-examined by the adverse party without the latter vouching for his credibility, or being precluded from impeaching his testimony, and immediately thereafter the witness thus called may be examined or cross-examined to the extent otherwise permitted by law upon the subject matter of his examination in chief by such adverse party. The court may permit the recall and further cross-examination of the party or of his representative as often as it deems such action to be in the interest of justice.
‘Representative’ as used in the paragraph above ... means an officer, agent or employee having supervision or knowledge of the matter in controversy, in whole or in part, whether or not he is in the employ of or connected with the party at the time his testimony is taken.
The trial court correctly allowed Alpha to call the former Lanier salesman on cross-examination under the terms of this article. Travelers Indemnity Co. v. Hendry Corporation, 221 So.2d 674 (La.App. 3rd Cir. 1969), writ denied 254 La. 465, 223 So.2d 871 (1969). The trial court was also correct in denying Lanier the opportunity to cross-examine the witness. After Alpha completed its cross-examination of the witness under LSA-C.C.P. art. 1634, Lanier could choose whether or not to question him. As the witness was not an adverse party within the meaning of art. 1634, Lanier was restricted to conducting its examination on direct.
However, Lanier could impeach the former salesman upon a showing of hostility. LSA-R.S. 15:487. This Lanier did. Accordingly, this assignment of error has no merit.
For the foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant’s cost.
AFFIRMED.

. Prior to the amendment and reenactment of Titles III and IV of Book III of the Civil Code of 1870 by Acts 1984, No. 331, effective January 1, 1985.