STOKER, Judge.
This is a suit for personal injury damages resulting from an alleged assault and battery. Plaintiff alleges that on May 30, 1986, at about 11:15 p.m. outside the Entertainment Lounge in Lake Charles, defendant, the owner of the bar, intentionally struck plaintiff three times in the face with his pistol, causing severe injuries to her forehead and upper lip requiring nine stitches. At trial the court granted defendant’s motion for a judgment of dismissal at the close of plaintiff’s case. In what appears on the surface to be a contradictory finding the trial court stated that, although it believed that defendant did, in fact, hit plaintiff with a pistol on the night in question, the evidence was so confusing that plaintiff had not borne her burden of proof.
Plaintiff appeals the judgment of dismissal, alleging the trial court erred in granting it. Defendant has not responded to this appeal.
OPINION
LSA-C.C.P. art. 1672 provides:
“Art. 1672. Involuntary dismissal
' A. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice.
B. In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.”
The proper standard for granting a judgment of dismissal at the completion of the plaintiff’s case in a non-jury trial was set forth in Financial Corp. v. Estate of Cooley, 447 So.2d 594 (La.App.3d Cir.1984): “[T]he trial court judge must weigh and evaluate all of the evidence presented up to that point in the trial and must grant dismissal if the plaintiff has not established proof by a preponderance of the evidence.” Therefore, the sole issue on appeal is whether plaintiff proved her claim against defendant by a preponderance of the evidence.
LSA-C.C. art. 2315 forms the basis of plaintiff’s complaint under its provision that “every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” Thus, for plaintiff to prevail in this action, she must prove:
(a) That there was an act;
(b) That the act was done by defendant;
(c) That this act by defendant caused plaintiff’s damage;
(d) That the damage was occasioned by defendant’s fault.
Middleton v. Shaw, 271 So.2d 358 (La.App.3d Cir.1972).
Several conflicting versions of the cause of plaintiff’s injuries have been presented. Plaintiff and her boyfriend, Warren Wilson, an alleged eyewitness to the attack, testified that defendant struck plaintiff *315 with his pistol outside of the bar because he had previously warned her never to return to his bar.
Dr. Manuel, plaintiff’s treating physician, stated that plaintiff complained of having been pistol whipped, plaintiff’s injuries could have been caused by a pistol and plaintiff’s injuries were not more than eight hours old. Plaintiff arrived at the emergency room at 12:30 p.m. on May 31, 1986 and was released at 2:00 a.m.
Defendant testified that he did not strike plaintiff and he believed that either Warren Wilson or Dwight Trahan caused her injuries.
Albert Ceaser, who had been subpoenaed by the defendant as a witness, testified that he was present at the bar on May 30, 1986 and saw no fight take place. He stated he did not see plaintiff with blood on her face.
Michael Chapman, who lives next door to the bar, testified that he saw a white male jump on plaintiff outside the bar.
Vera Leithead, who was employed by defendant on May 30, 1986, testified that she saw plaintiff at the door of the bar with a bleeding cut on her forehead, which plaintiff said was inflicted by her boyfriend, prior to the fight in which defendant allegedly pistol-whipped plaintiff. However, Leithead did not see the fight at the bar and did not know when it occurred. Plaintiff was denied the right to cross-examine Leithead and so called her on direct examination.
Roland Darbone, an employee of defendant’s on May 30,1986, testified that he saw plaintiff at a friend’s house early in the evening, several hours before the alleged fight with defendant, and that plaintiff had a bad cut on her forehead which was bleeding. Darbone stated that plaintiff said Wilson had hit her with a rolling pin.
Ronald Trahan, who was a patron of the bar on May 30, 1986, testified that he beat plaintiff with his fists inside the bar because she threw a bottle which hit him in the face. Trahan stated he did not know whether plaintiff had blood on her face before he started hitting her because it was dark and he was drunk. Wilson and plaintiff testified, as to this event, that after defendant pistol-whipped plaintiff he made some rude remarks to her, during which plaintiff, who had been knocked down into some trash, grabbed a bottle and threw it. The bottle struck Trahan, a bystander, in the face. Wilson testified that, although Trahan advanced toward plaintiff in anger, Wilson barred his way and told him that plaintiff had not meant to hit him.
Dwight Primeaux, one of the investigating police officers, testified that plaintiff told him that defendant had pistol-whipped her. Primeaux stated that he found spots of blood on the ground outside the lounge and blood on defendant’s shirt. Defendant admitted to keeping a pistol behind the bar and surrendered it to the police. Defendant testified, that the blood on his shirt was from Trahan who was struck in the face by the bottle thrown by plaintiff.
Abraham Semien, one of the investigating officers, testified that he is related to the defendant by marriage. Upon being questioned by plaintiff about statements made by the defendant concerning the fight, Semien first testified he could not remember what was said and later testified, after being warned by the court of the consequences of perjury, that the defendant had never told Semien personally that he had hit the plaintiff with a pistol.
Paul Coward testified, after a temporary memory failure and a warning by the court as to the consequences of perjury, that the defendant did not tell Coward personally that he had hit the plaintiff with a pistol, although he had heard it from someone else.
In the trial court’s oral reasons for judgment, the judge stated, “From the evidence I’ve heard I believe that Mr. Eaglin did, in fact, hit Miss Crochet with a pistol on the night in question.” The trial court then proceeded to state that, since the evidence is so confusing because so many witnesses lied on material points, the judgment of dismissal would be granted for failure of plaintiff to bear her burden of proof. We do not believe that the trial judge actually made a finding that the de *316 fendant did, in fact, hit the plaintiff with a pistol. Although the trial judge may have “had a hunch” that it was true, he found that the evidence was so confusing that he could not tell what the true facts were. Therefore, plaintiff did not prove that defendant pistol-whipped her by a preponderance of the evidence. Thus, the trial court’s statement, although somewhat misleading, is not a finding of fact requiring reversal of this case. Read as a whole it is clear that the trial court held that the evidence was too confusing to permit a finding that the evidence preponderated in one direction or the other. The trial judge’s opening statement (which appears to be mere gratuitous speculation) is totally at variance with the remainder of his reasons for judgment. To harmonize the opening statement with what follows, the opening statement must be deemed not to have been a positive finding of fact. The full text of the oral reasons contained in the transcript is set forth as Appendix I. After a careful review of the evidence, we cannot say the trial court clearly erred in holding for the defendant.
We note that the trial court misstated the law by stating that a party no longer vouches for the credibility of a witness under direct examination. See LSA-C.C.P. art. 1634. However, we do not find that the trial court erred in refusing to allow plaintiff to cross-examine Albert Ceaser, a patron of the bar on May 30, 1986. Ceaser was not a “representative” of defendant, as that term is defined in LSA-C.C.P. art. 1634.
Vera Leithead, though, was a representative of defendant, since she was employed by defendant on May 30, 1986. LSA-C.C.P. art. 1634; Lanier Business Products, Inc. v. Alpha of Louisiana, Inc., 489 So.2d 1033 (La.App. 1st Cir.1986); Travelers Indemnity Co. v. Hendry Corp., 221 So.2d 674 (La.App.3d Cir.), writ denied, 254 La. 465, 223 So.2d 871 (La.1969); White v. U.S. Fidelity & Guar. Co., 158 So.2d 210 (La.App.3d Cir.1964). The trial court erred in refusing to permit plaintiff to cross-examine Leithead. Leithead testified adversely to plaintiff, adding to the confusion which formed the basis for the judgment of dismissal. However, we find that this was harmless error since Leithead’s testimony was similar to that of Roland Darbone. Even excluding Leithead’s testimony, there is still substantial confusion as to the material facts of this case and we cannot say that the trial court clearly erred in finding that plaintiff did not carry her burden of proof. Plaintiff also directly examined Roland Darbone, another employee of defendant on May 30, 1986. However, plaintiff did not request a cross-examination of Dar-bone nor make an objection on the record, precluding our consideration of this error.
DECREE
For the reasons assigned the judgment of the trial court is affirmed. Costs of appeal are assessed to plaintiff.
AFFIRMED.
APPENDIX I
The trial court’s oral reasons for judgment as found on pages 134 and 135 of the transcript read as follows:
THE COURT: From the evidence that I’ve heard I believe that Mr. Eaglin did, in fact, hit Miss Crochet with a pistol on the night in question. What I believe, however, cannot support the case. I have never heard so many lies in one case in my time on the Bench. I think nearly all of the witnesses in this case have lied on material points. I have been able to pick up some threads of truth as we went along, but, as a recent Court of Appeal, Third Circuit case pointed out, when the evidence is so confusing that the Court cannot tell who is lying then the plaintiff has not borne the burden of proof that is imposed upon him by law, and the Court cannot render a verdict in favor of the plaintiff. I find that to be the situation in this case. I feel sorry for the plaintiff. I think she is entitled to a judgment, but I can’t render a judgment just because I feel that way, and it will be necessary that I dismiss plaintiff’s action with prejudice and tax her with costs in accordance with the Rules *317 of Civil Procedure. Anything further today?